**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

DEC 2 0 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**JUSTIN WOOLSEY, GARY ANDREW, ALVIN BELL,
MATTHEW BOHANNAN, WAYNE BRECKENRIDGE,
PAUL BROWN, RODNEY DUNCAN, CHAD EVANS,
BRIAN GRISHAM, DARRYL GRISSOM, ETHAN GRISSOM,
KYLE HINSON, CHRIS HOLIFIELD, GERRETT HOWARD,
DENNIS MASSEY, JEREMY MHOON, GARY MYERS,
OBED PEEK, JAMES PHELPS, ALVIN RILEY,
DEON ROBINSON, DAYLON (SHAWN) SANFORD,
TRAVIS SCISSELL and JASON TAYLOR**                                    **PLAINTIFFS**

**V.**                              **CASE NO. 3:19-CV-377-DPM**

**THE CITY OF BLYTHEVILLE, ARKANSAS**                      **DEFENDANT**

### NOTICE OF REMOVAL

Comes now Defendant, the City of Blytheville, Arkansas, by and through its attorney, Amanda LaFever, and for its Notice of Removal, states as follows:

1.     On or about November 15, 2019, Plaintiffs filed their Complaint in the Circuit Court of Mississippi County, Arkansas, Case No. 47BCV-19-301, against Defendant.

2.     Upon information and belief, copies of the Complaint and Summons were served on Defendant on or about November 26, 2019.

3.     Defendant filed a timely response to the State Court Complaint on December 18, 2019, attached as *Exhibit 1*.

4.     This Notice of Removal is filed within thirty (30) days after service on Defendant. 28 U.S.C. § 1446(b).

5.     A true and correct copy of all of pleadings and orders served upon Defendant in this action are attached as *Exhibit 2*.

This case assigned to District Judge Marshall
and to Magistrate Judge Deere

6.      Defendant, along with this notice, has simultaneously filed an additional Notice of Removal with the Circuit Court of Mississippi County, Arkansas, pursuant to 28 U.S.C. § 1446(d). A true and correct copy of that filing is attached as *Exhibit 3*.

7.      28 U.S.C. § 1441(a) allows a defendant to remove civil actions from state to federal court when such actions are within the original jurisdiction of the federal court.

8.      Original federal question jurisdiction is vested in the federal courts under 28 U.S.C. § 1331 regarding cases "arising under" the Constitution and laws of the United States, regardless of the amount of controversy.

9.      Plaintiffs have alleged that Defendant violated their rights secured by federal law, specifically, the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.

10.     Federal law provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391.

11.     All the actions alleged to have given rise to this cause of action occurred in Mississippi County, Arkansas, which is located in the Eastern District of Arkansas, Northern Division.

12.     Thus, the Federal District Court for the Eastern District of Arkansas has jurisdiction and venue is proper therein.

13.     Pursuant to 28 U.S.C. § 1446, Defendant hereby gives notice of the removal of this action from the Circuit Court of Mississippi County, Arkansas, to the United States District Court for the Eastern District of Arkansas.

WHEREFORE, Defendant prays that this action be removed from the Circuit Court of Mississippi County, Arkansas, to the United States District Court for the Eastern District of

Arkansas, in accordance with 28 U.S.C. §§ 1331, 1441, and 1446, and for all other just and proper relief.

Respectfully Submitted,

Blytheville, Arkansas
**DEFENDANT**

By: _____

Amanda LaFever, Ark. Bar No. 2012133
Attorney for Defendant
Post Office Box 38
North Little Rock, AR 72115
Telephone: (501) 978-6117
Facsimile: (501) 978-6554
Email: alafever@arml.org

## CERTIFICATE OF SERVICE

I, Amanda LaFever, hereby certify that on December 20, 2019, a true and correct copy of the above and foregoing has been served upon the attorney of record as referenced below, via U.S. Mail and email:

James W. Harris
118 West Walnut
P. O. Box 185
Blytheville, AR 72316-0185
Email: jwharris1@prodigy.net

_____

Amanda LaFever, Ark. Bar No. 2012133

FILED

DEC 18 2019
4:00 pm
LESLIE MASON
CIRCUIT CLERK

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT
CIVIL DIVISION

JUSTIN WOOLSEY, GARY ANDREW, ALVIN BELL,
MATTHEW BOHANNAN, WAYNE BRECKENRIDGE,
PAUL BROWN, RODNEY DUNCAN, CHAD EVANS,
BRIAN GRISHAM, DARRYL GRISSOM, ETHAN GRISSOM,
KYLE HINSON, CHRIS HOLIFIELD, GERRETT HOWARD,
DENNIS MASSEY, JEREMY MHOON, GARY MYERS,
OBED PEEK, JAMES PHELPS, ALVIN RILEY,
DEON ROBINSON, DAYLON (SHAWN) SANFORD,
TRAVIS SCISSELL and JASON TAYLOR                        PLAINTIFFS

V.                       CASE NO. 47BCV-19-301 (RL)

THE CITY OF BLYTHEVILLE, ARKANSAS                      DEFENDANT

## ANSWER

COMES now Defendant, the City of Blytheville, Arkansas, ("the City"), by and through

its counsel, Amanda LaFever, and for its Answer to Plaintiffs' Complaint, states:

1.      The City recognizes that Plaintiff has chosen to file suit as stated in paragraph one

(1) of Plaintiffs' Complaint; however, the City denies that it is in violation of the overtime

provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA") or the Arkansas

Minimum Wage Act, Ark. Code. Ann. § 11-4-201, et seq. (the "AMWA"). Sentence two (2) of

paragraph one (1) is jurisdictional in nature, and as such, no response is required; however, should

a response be deemed necessary, the City denies the same due to its full and complete denial of

any and all wrongdoing alleged as well as its position that this matter, given the allegations, is

more properly adjudicated in a federal court, as set out in the City's Removal Filings. The City

denies that any consents are attached to the Complaint.

1

DEFENDANT'S
EXHIBIT
1

2.      The City denies that Plaintiffs, individually and on behalf of all others similarly situated, are entitled to any relief set forth in paragraph two (2) of Plaintiffs' Complaint. The City denies that it had or has a policy and practice of failing to pay Plaintiffs and other similarly situated individuals proper overtime compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

3.      The City denies the allegations contained in paragraph three (3) of Plaintiffs' Complaint.

4.      Paragraph four (4) of Plaintiffs' Complaint is jurisdictional in nature, and as such, no response is required; however, should a response be deemed necessary, the City denies the same due to its full and complete denial of any and all wrongdoing alleged.

5.      Paragraph five (5) of Plaintiffs' Complaint is jurisdictional in nature, and as such, no response is required; however, should a response be deemed necessary, the City denies the same due to its full and complete denial of any and all wrongdoing alleged, as well as its position that this matter, given the allegations, is more properly adjudicated in a federal court, as set out in the City's Removal Filings.

6.      Upon information and belief, the City admits that Plaintiffs are individuals and residents of Mississippi County.

7.      The City denies the allegations contained in paragraph seven (7) of Plaintiffs' Complaint.

8.      Paragraph eight (8) of Plaintiffs' Complaint calls for a legal conclusion and does not require a response; to the extent a response is required, any allegations of wrongdoing contained therein are denied.

2

9.      The City admits that Plaintiffs were or are employed by the City and generally, are entitled to the protections of the FLSA and the AMWA.

10.     The City admits that it is or was the delineated Plaintiffs' employer, and that it is an employer subject to the FLSA and the AMWA.

11.     The City admits that it is or was the delineated Plaintiffs' employer, and that it is an employer subject to the FLSA.

12.     The City admits that it set the amount and manner of compensation paid to Plaintiffs. The City affirmatively states that Plaintiffs were properly compensated.

13.     The City denies, as pled, the allegations contained in paragraph thirteen (13) of Plaintiffs' Complaint.

14.     The City admits that it operates the Blytheville Fire Department ("BFD") where Plaintiffs were employed within the three (3) years prior to the filing of this complaint. The City denies that the applicable statute of limitations to this matter is three years.

15.     The City admits that it can be served through Mayor James Sanders and that his office is located at 124 W. Walnut Street, Blytheville, Arkansas 72315.

16.     The City admits that at all relevant times it employed five or more employees in public safety activities.

17.     Paragraph seventeen (17) of Plaintiffs' Complaint incorporates paragraph numbers one through sixteen (1–16) of the Complaint. The City herein incorporates its responses to said paragraphs as if set forth word for word.

18.     The City admits that within the past three (3) years, it employed Plaintiffs as hourly-paid employees. The City denies that the applicable statute of limitations to this matter is three years.

3

19.     The City admits that it currently employs or has previously employed the delineated Plaintiffs as employees within the BFD, all of whom were, at some point, designated as "firefighters" by position.

20.     The City admits that it established a 28-day work period for Plaintiffs which creates an overtime threshold of 212 hours within each twenty-eight (28) day period before overtime compensated is implicated. The City denies that it has an on-call policy that has been modified to require that any employee of the City must respond to call backs at any and all times. The City further denies any allegations of wrongdoing contained within paragraph twenty (20) of Plaintiffs' Complaint.

21.     The City admits that it established a 28-day work period for Plaintiffs which creates an overtime threshold of 212 hours within each twenty-eight (28) day period before overtime compensated is implicated. The City is without sufficient information or knowledge to know what "routinely required" means with respect to hours worked or specific Plaintiffs; therefore, the allegation is denied. To the extent that this allegation is meant to state or imply that the City caused Plaintiffs or any other employee to perform work on behalf of the City, of which the City knew or should have known about, that was over and above  the established overtime threshold, and failed to properly compensate Plaintiffs or any other employee at the appropriate overtime rate, that is denied. The City further denies any allegations of wrongdoing contained within paragraph twenty-one (21) of Plaintiffs' Complaint.

22.     The City admits that most of the Plaintiffs, and others similarly situated, did not manage the enterprise or a customarily recognized subdivision of the enterprise. The City denies that this is true as to all Plaintiffs.

23.     The City admits that most of the Plaintiffs, and others similarly situated, did not select any employees for hire or provide formal training for any employee. The City denies that this is true as to all Plaintiffs.

24.     The City admits that most of the Plaintiffs, and others similarly situated, had no authority to hire and fire any employee. The City denies that this is true as to all Plaintiffs.

25.     The City admits that most of the Plaintiffs, and others similarly situated, did not have ultimate control of or authority over any employee's rate of pay or working hours. The City denies that this is true as to all Plaintiffs.

26.     The City denies, as pled, the allegations contained in paragraph twenty-six (26) of Plaintiffs' Complaint.

27.     The City admits that it established a 28-day work period for Plaintiffs which creates an overtime threshold of 212 hours within each twenty-eight (28) day period before overtime compensated is implicated. The City is without sufficient information or knowledge to know what "routinely required" means with respect to hours worked or specific Plaintiffs; therefore, the allegation is denied. To the extent that this allegation is meant to state or imply that the City caused Plaintiffs or any other employee to perform work on behalf of the City, of which the City knew or should have known about, that was over and above the established overtime threshold, and failed to properly compensate Plaintiffs or any other employee at the appropriate overtime rate, that is denied. The City further denies any allegations of wrongdoing contained within paragraph twenty-seven (27) of Plaintiffs' Complaint.

28.     The City admits that it did not provide compensatory time off because it does not, in fact, compensate for overtime by providing "compensatory time," to its employees, but rather

pays out any earned overtime at the proper one and one-half overtime rate for each hour of overtime earned.

29.     The City denies the allegations in paragraph twenty-nine (29) of Plaintiffs' Complaint.

30.     The City denies that the day-to-day job duties and responsibilities of Plaintiffs and other similar fire department employees were not exempt under the FLSA with respect to payment of time worked in excess of 204 hours in a twenty-seven (27) day period because the City operates on a twenty-eight (28) day work period that requires 212 hours to be worked before the overtime threshold is reached.

31.     The City denies the allegations in paragraph thirty-one (31) of Plaintiffs' Complaint.

32.     Paragraph thirty-two (32) of Plaintiffs' Complaint incorporates paragraphs one through thirty-one (1–31) of the Complaint. The City herein incorporates its responses to said paragraphs as if set forth word for word.

33.     The City recognizes that Plaintiffs are bringing claims for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), but deny the validity of the claims as stated and deny that this matter warrants a collective action.

34.     The City denies the wrongdoing alleged in paragraph thirty-four (34) of Plaintiffs' Complaint. The City denies that Plaintiffs or those Plaintiffs seek to represent are entitled to any of the relief requested in paragraph thirty-four (34) of Plaintiffs' Complaint, including all separately delineated sub-paragraphs.

35.     The City denies that any written Consents to Join this lawsuit are attached.

36.     The City denies the allegations in paragraph thirty-six (36) of Plaintiffs' Complaint.

6

37.     The City denies the allegations in paragraph thirty-seven (37) of Plaintiffs Complaint, including all separately delineated subparagraphs.

38.     The City denies that there is a class as alleged by Plaintiffs or that it would exceed twenty-five (25) persons.

39.     Because the City denies the validity or existence of a Section 16(b) class, it denies the allegations contained in paragraph thirty-nine (39) of Plaintiff's Complaint.

40.     Paragraph forty (40) of Plaintiff's Complaint incorporates paragraphs one through thirty-nine (1–39) of the Complaint. The City herein incorporates its responses to said paragraphs as if set forth word for word.

41.     The City recognizes that separate Plaintiff Woolsey ("Mr. Woolsey") proposes to act as the lead Plaintiff but deny that Plaintiffs are entitled to relief pursuant to the AMWA at all, and specifically, such that a "lead Plaintiff" is required.

42.     The allegations contained in paragraph forty-two (42) of Plaintiffs' Complaint are denied.

43.     The allegations contained in paragraph forty-three (43) of Plaintiffs' Complaint are denied.

44.     Regarding paragraph forty-four (44) of Plaintiffs' Complaint, the City does not have sufficient information or knowledge to know what any individual plaintiff does or does not have an interest in controlling; therefore, the allegations contained in the first sentence are denied. The remainder of the paragraph calls for a legal conclusion and therefore does not require a response; to the extent a response is required, the allegations are denied.

45.     The City denies that there is a class as alleged by Plaintiffs or that it would exceed twenty-five (25) persons.

7

46.     The allegations contained in paragraph forty-six (46) do not appear to require a response; to the extent a response is required, the City is without sufficient information to admit or deny what Plaintiffs or Plaintiffs' counsel "know regarding any litigation already begun by members of the proposed class concerning the allegations in this complaint;" therefore, the allegations are denied.

47.     The City denies that this Court is the most appropriate forum for litigation as set forth in its removal filings.

48.     The City is without sufficient information to admit or deny whether "difficulties are likely to be encountered in the management of this class action;" therefore, the allegations are denied.

49.     The City denies the allegations contained in paragraph forty-nine (49) of Plaintiffs' Complaint.

50.     The City denies the allegations contained in paragraph fifty (50) of Plaintiffs' Complaint.

51.     The City is without sufficient information to admit or deny the allegations contained in paragraph fifty-one of Plaintiffs' Complaint; therefore, they are denied.

52.     Paragraph fifty-two (52) of Plaintiffs' Complaint calls for a legal conclusion and therefore does not require a response; to the extent a response is required, any allegations of wrongdoing contained therein are denied.

53.     Paragraph fifty-three (53) of Plaintiffs' Complaint incorporates paragraphs one through fifty-two (1–52) of the Complaint. The City herein incorporates its responses to said paragraphs as if set forth word for word.

8

54.     The City denies that Plaintiffs have a claim for damages or declaratory relief pursuant to the FLSA.

55.     The City admits that it is or has been the separately delineated Plaintiffs' employer, and that it is an employer subject to the FLSA.

56.     Paragraph fifty-six (56) of Plaintiffs' Complaint calls for a legal conclusion and therefore does not require a response; to the extent that a response is required, any allegations of wrongdoing contained therein are denied.

57.     Paragraph fifty-seven (57) of Plaintiffs' Complaint calls for a legal conclusion and therefore does not require a response; to the extent that a response is required, any allegations of wrongdoing contained therein are denied.

58.     Regarding paragraph fifty-eight (58) of Plaintiffs' Complaint, the City admits that it had and has an on-call policy, which has been modified in the past three years, and that both the current and the former policy speaks for itself. The City denies that the policy mandates discipline.

59.     The City denies the allegations in paragraph fifty-nine (59) of Plaintiffs' Complaint.

60.     Paragraph sixty (60) of Plaintiffs' Complaint calls for a legal conclusion and therefore does not require a response; to the extent that a response is required, any allegations of wrongdoing contained therein are denied. The City affirmatively states that none of the identified factors, when applied to the facts of this case, will illustrate that Plaintiffs were or are entitled to anything other than that for which they have already been compensated.

61.     Paragraph sixty-one (61) of Plaintiffs' Complaint calls for a legal conclusion and therefore does not require a response; to the extent that a response is required, any allegations of wrongdoing contained therein are denied. The City affirmatively states that this factor, when

applied to the facts of this case, will not illustrate that Plaintiffs are entitled to anything other than that for which they have already been compensated.

62.     The City denies the allegations in paragraph sixty-two (62) of Plaintiffs' Complaint.

63.     The City denies the allegations in paragraph sixty-three (63) of Plaintiffs' Complaint.

64.     The City denies the allegations in paragraph sixty-four (64) of Plaintiffs' Complaint.

65.     The City denies the allegations in paragraph sixty-five (65) of Plaintiffs' Complaint.

66.     The City denies the allegations in paragraph sixty-six (66) of Plaintiffs' Complaint.

67.     The City denies the allegations in paragraph sixty-seven (67) of Plaintiffs' Complaint.

68.     Paragraph sixty-eight (68) is not included in the Plaintiffs' Complaint and therefore requires no response; however, to the extent a response is required, it is denied.

69.     The City denies the allegations in paragraph sixty-nine (69) of Plaintiffs' Compliant.

70.     The City denies the allegations in paragraph seventy (70) of Plaintiffs' Compliant.

71.     The City denies the allegations in paragraph seventy-one (71) of Plaintiffs' Complaint.

72.     The City denies the allegations in paragraph seventy-two (72) of Plaintiffs' Complaint.

73.     The City denies the allegations in paragraph seventy-three (73) of Plaintiffs' Complaint.

74.     Paragraph seventy-four (74) of Plaintiffs' Complaint incorporates paragraphs one through seventy-three (1–73) of the Complaint. The City herein incorporates its responses to said paragraphs as if set forth word for word.

75.     The City recognizes that Plaintiffs are seeking relief pursuant to the AMWA but deny that Plaintiffs are entitled to damages or declaratory relief.

76.     The City admits that it employed Plaintiffs, and that it is an employer covered by the AMWA.

77.     Paragraph seventy-seven (77) of Plaintiffs' Complaint calls for a legal conclusion and therefore does not require a response; to the extent a response is required, any allegations of wrongdoing contained therein are denied.

78.     Paragraph seventy-eight (78) of Plaintiffs' Complaint calls for a legal conclusion and therefore does not require a response; to the extent a response is required, any allegations of wrongdoing contained therein are denied.

79.     The City denies the allegations in paragraph seventy-nine (79) of Plaintiffs' Complaint.

80.     The City denies the allegations in paragraph eighty (80) of Plaintiffs' Complaint.

81.     The City denies the allegations in paragraph eighty-one (81) of Plaintiffs' Complaint.

82.     Paragraph eighty-two (82) of Plaintiffs' Complaint incorporates paragraphs one through eighty-one (1–81) of the Complaint. The City herein incorporates its responses to said paragraphs as if set forth word for word.

83.     The City recognizes that Plaintiffs are seeking relief pursuant to the FLSA but deny that Plaintiffs are entitled to damages or declaratory relief.

11

84.     The City denies the allegations, as pled, in paragraph eighty-four (84) of the Plaintiffs' Complaint.

85.     Paragraph eighty-five (85) of Plaintiffs' Complaint calls for a legal conclusion and therefore does not require a response; to the extent a response is required, any allegations of wrongdoing contained therein are denied.

86.     Paragraph eighty-six (86) of Plaintiffs' Complaint calls for a legal conclusion and therefore does not require a response; to the extent a response is required, any allegations of wrongdoing contained therein are denied.

87.     The City denies the allegations in paragraph eighty-seven (87) of Plaintiffs' Complaint.

88.     The City denies the allegations in paragraph eighty-eight (88) of Plaintiffs' Complaint.

89.     The City denies the allegations in paragraph eighty-nine (89) of Plaintiffs' Complaint.

90.     The City denies the allegations in Paragraph ninety (90) of Plaintiffs' Complaint.

91.     Paragraph ninety-one (91) of Plaintiffs' Complaint incorporates paragraphs one through ninety (1–90) of the Complaint. The City herein incorporates its responses to said paragraphs as if set forth word for word.

92.     The City recognizes that Plaintiffs are seeking relief pursuant to the AMWA but deny that Plaintiffs are entitled to damages or declaratory relief.

93.     The City denies the allegations, as pled, in paragraph ninety-three (93) of Plaintiffs' Complaint.

12

88. (2)[1] Paragraph eighty-eight (88(2)) of Plaintiffs' Complaint calls for a legal conclusion and therefore does not require a response; to the extent a response is required, any allegations of wrongdoing contained therein are denied.

89. (2) The City denies the allegations in paragraph eighty-nine (89(2)) of Plaintiffs' Complaint.

90. (2) The City denies the allegations in paragraph ninety (90(2)) of Plaintiffs' Complaint.

91. (2) The City denies the allegations in paragraph ninety-one (91(2)) of Plaintiffs' Complaint.

92. (2) The City denies the allegations in paragraph ninety-two (92(2)) of Plaintiffs' Complaint.

94. The City denies that Plaintiffs are entitled to any relief whatsoever, including, but not limited to, that which is delineated in the Complaint paragraph beginning with "Wherefore," including any separately delineated subparagraphs. With respect to that same paragraph, the City denies that it has not committed any retaliatory actions against Plaintiffs and further deny any and all allegations of wrongdoing contained therein.

95. The City denies each and every allegation not specifically admitted herein.

96. The City reserves the right to plead further, upon additional investigation and discovery, to include a counter-complaint or amended answer.

## **ADDITIONAL AND AFFIRMATIVE DEFENSES**

1. The allegations of the Complaint fail to state facts or a claim upon which relief may be granted.

---

[1] Plaintiffs' Complaint includes paragraph numbers 88–92 twice. The second time the enumerated paragraph appears has been delineated by "(2)".

13

2.      The City is entitled to tort, qualified, good faith, statutory, and punitive damages immunity under all applicable doctrines of immunity pursuant to state and federal law, including but not limited to, Ark. Code Ann. § 21-9-301.

3.      The City asserts that no action or inaction on the part of the City was unlawful.

4.      With respect to Plaintiffs, the City acted reasonably and in good faith.

5.      The statute of limitations applicable here is two years.

6.      The City asserts that to the extent Plaintiffs sustained damages, the damages are a direct and proximate result of Plaintiffs' own conduct.

7.      The City asserts the defenses of privilege and justification to the extent they may apply.

8.      As deemed applicable, the City asserts the affirmative defenses of *res judicata*, collateral estoppel, issue preclusion, and claim preclusion, to the extent they may apply.

9.      The City pleads all defenses, as found applicable, pursuant to Fed. R. Civ. P. 8(c) and Ark. R. Civ. P. 8(c) including but not limited to the statute of limitations.

10.     Plaintiffs have failed to mitigate their damages.

11.     Plaintiffs failed to follow and/or exhaust their administrative remedies.

12.     The City reserves the right to amend its answer to assert any such defenses as may become available or apparent during the pendency of this action.

13.     To the extent applicable, the City pleads any and all minimum wage and/or overtime exemptions provided for in either the FLSA or the AMWA.

14.     The City reserves the right to plead further as discovery progresses.

14

15.     The City reserves the right to amend or supplement this pleading or plead further defenses that become apparent or available during the course of litigation and as discovery progresses, subject to any deadlines set by the Court.

WHEREFORE, the City requests that this Court dismiss the Complaint against it and for all other just and proper relief to which there is entitlement.

Respectfully submitted,

**BLYTHEVILLE, ARKANSAS
DEFENDANT**

*Amanda LaFever*

By:     _____

Amanda LaFever, Ark. Bar No. 2012133
Attorney for Defendant
Post Office Box 38
North Little Rock, AR  72115
Telephone:  (501) 978-6117
Facsimile:  (501) 978-6554
Email: alafever@arml.org

## CERTIFICATE OF SERVICE

I, Amanda LaFever, hereby certify that on December 18, 2019, that a true and correct copy of the above and foregoing has been served upon the attorney of record as referenced below, via U.S. Mail and email:

James W. Harris
118 West Walnut
P. O. Box 185
Blytheville, AR  72316-0185
Email: jwharris1@prodigy.net

*Amanda LaFever*

_____

Amanda LaFever, Ark. Bar No. 2012133

15



FILED

NOV 1 5 2019
2:30 pm
LESLIE MASON
CIRCUIT CLERK

## IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
## CHICKASAWBA DISTRICT
## CIVIL DIVISION

**Justin Woolsey, Gary Andrew, Alvin Bell,
Matthew Bohannan, Wayne Breckenridge,
Paul Brown, Rodney Duncan, Chad Evans,
Brian Grisham, Darryl Grissom, Ethan Grissom,
Kyle Hinson, Chris Holifield, Gerrett Howard,
Dennis Massey, Jeremy Mhoon, Gary Myers,
Obed Peek, James Phelps, Alvin Riley, Deon
Robinson, Daylon (Shawn) Sanford, Travis
Scissell, and Jason Taylor**                                        **PLAINTIFFS**

vs.                              No. 47BCV-19- 301   ( RL )

**THE CITY OF BLYTHEVILLE, ARKANSAS**              **DEFENDANT**

### COMPLAINT - CLASS AND COLLECTIVE ACTION

COME NOW the Plaintiffs, Justin Woolsey, et. al. ("Plaintiffs"), individually and

on behalf of all other similarly situated, by and through their attorney, James W. Harris,

and for their Complaint - Class and Collective Action against Defendant City of

Blytheville, Arkansas ("Defendant") state and allege as follows:

### JURISDICTION AND VENUE

1.      This is a class and collective action brought by Plaintiffs, individually and

on behalf of all others similarly situated, against Defendant for violations of the overtime

provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (The "FLSA"), and

the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. (the "AWMA").



DEFENDANT'S
EXHIBIT
2

This Court has jurisdiction over the FLSA claims as it is a court of competent jurisdiction as required by 29 U.S.C. §216. The required consents to join this action are attached hereto.

2.      Plaintiffs, individually and on behalf of all others similarly situated, seek a declaratory judgment; monetary damages; liquidated damages; liquidated damages for violation of the anti-retaliation provides of the FLSA; prejudgment interest; costs; and a reasonable attorney's fee, as a result of Defendant's policy and practice of failing to pay Plaintiffs and other similarly situated individuals proper overtime compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

3.      For at least three (3) years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

4.      Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

5.      A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiffs within the Chickasawba District of Mississippi County; therefore, venue is proper within this District of this county.

## THE PARTIES

6.      Plaintiffs are individuals and residents of Mississippi County.

7.     Plaintiffs were and are employed by Defendant as fire department employees paid on the basis of hours worked within the three (3) years prior to the filing of this complaint.

8.     At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

9.     As employees of Defendant, Plaintiffs were employees of a public agency employed in public safety activities, and therefore entitled to the protections of the FLSA.

10.     Defendant is an "employer" within the meanings set forth in the FLSA and the AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

11.     Defendant is an employer subject to the FLSA as a public agency pursuant to 29 U.S.C. § 203.

12.     Defendant participated in the management of Plaintiffs' work, including setting and enforcing the number of hours worked and the amount and manner of compensation paid.

13.     Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

14.     Defendant operates the Blytheville Fire Department where Plaintiffs were employed within the three (3) years prior to the filing of this Complaint.

15.    Defendant can be served through its Mayor, James Sanders, whose address is 124 W. Walnut Street, Blytheville, Arkansas 72315.

16.    At all relevant times, Defendant employed five or more employees in public safety activities pursuant to 29 U.S.C. § 213(b)(20).

## FACTUAL ALLEGATIONS

17.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

18.    During all or part of the three (3) years prior to the filing of this lawsuit, Plaintiffs were hourly-paid employees of the Blytheville Fire Department located in Blytheville.

19.    At all times relevant to the allegations in this Complaint, Plaintiffs have been employed by Defendant as firemen.

20.    Defendant established a "work period" for Plaintiffs which provided for roughly 212 hours within each 28 day period.  It also has an on-call policy adopted prior to November 11, 2016, and modified since that time, which requires that any employee of Defendant must respond to call backs at any and all times.

21.    Plaintiffs were routinely required to work in excess of 204 hours in a 27 day period.

22.    During the course of their employment, Plaintiffs and others similarly

situated did not manage the enterprise or a customarily recognized subdivision of the enterprise.

23.    Plaintiffs and others similarly situated did not select any employees for hire nor did they provide any formal training for any employees.

24.    Plaintiffs and others similarly situated had no final authority to hire and fire any employee.

25.    Plaintiffs and others similarly situated did not have any ultimate control of or authority over any employee's rate of pay or working hours.

26.    Plaintiffs and similar fire department employees were not paid properly for overtime.

27.    Defendant knew that Plaintiffs and other similar fire department employees worked in excess of 204 hours in a 27 day period, and Defendant required them to do so.

28.    Defendant did not provide Plaintiffs and similar fire department employees with compensatory time off at a rate of one and one-half (1.5) hours of compensatory time for each hour of overtime worked.

29.    Defendant did not pay Plaintiffs and similar fire department employees one and one-half (1.5) times their regular hourly rate for their overtime hours.

30.    The actual day-to-day job duties and responsibilities of Plaintiffs and other similar fire department employees were not exempt under the FLSA with respect to payment of time worked in excess of 204 hours in a 27 day period.

31.     Defendant knew or showed reckless disregard for whether the way it paid Plaintiffs and similar fire department employees violated the FLSA and AMWA. Further, Defendant has undertaken concerted actions against some or all of the Plaintiffs in retaliation for Plaintiffs seeking to enforce their rights under the FLSA and AMWA.

## REPRESENTATIVE ACTION ALLEGATIONS

32.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

33.     Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 215 of the FLSA, 29 U.S.C. §215 and  Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

34.     Plaintiffs bring their FLSA claims on behalf of all hourly firemen and similar fire department employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

> A. Payment for all hours worked, including overtime premiums for all hours worked for Defendant in excess of 204 hours in a 27 day work period; and

> B. Liquidated damages and attorneys' fees and costs.

In addition, Plaintiffs are also entitled to additional liquidated damages for Defendant's violation of the anti-retaliation provisions of the FLSA.

35.     In conformity with the requirements of FLSA Section 16(b), Plaintiffs have

attached hereto written Consents to Join this lawsuit.

36.     The relevant time period dates back three years from the date on which

Plaintiffs' Complaint - Class and Collective Action was filed herein and continues

forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

37. The members of the proposed FLSA Class are similarly situated in that they

share these traits:

A. They were classified by Defendant as non-exempt from the overtime
requirements of the FLSA;

B. They were paid hourly;

C. They recorded their time in the same manner; and

D. They were subject to Defendant's common policy of not paying for or
providing compensatory time off at a rate of one and one half (1.5) hours of
compensatory time for each hour of overtime work.

38.     Plaintiffs are unable to state the exact number of the potential members of

the FLSA Class but believe that the class exceeds 25 persons, including those who

worked for Defendant in the past but no longer work for Defendant.

39.     Defendant can readily identify the members of the Section 16(b) class. The

names and physical and mailing addresses of the FLSA collective action plaintiffs are

available from Defendant, and a Court-approved Notice should be provided to the FLSA

collective action plaintiffs via first class mail, email and text message to their last known

physical and electronic mailing addresses and cell phone numbers as soon as possible,

together with other documents and information descriptive of Plaintiffs' FLSA claim.

## AMWA RULE 23 CLASS

40.      Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as

though fully incorporated in this section.

41.      Plaintiff Woolsey proposes to act as the lead Plaintiff in representing the

class of hourly firemen and similar fire department employees who are/were employed by

Defendant within the relevant time period within the State of Arkansas.

42.      Common questions of law and fact relate to all members of the proposed

class, such as whether Defendant paid the members of the proposed class for all hours

worked, including overtime in accordance with the AMWA.

43.      Common questions of law and fact predominate over any questions

affecting only the individual named Plaintiffs and a class action is superior to other

available methods for fairly and efficiently adjudicating the claims of the members of the

purposed AMWA class.

44.      The class members have no interest individually in controlling the

prosecution of separate actions because the policy of the AMWA provides a bright-line

rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the

public policy of the State of Arkansas to establish minimum wages for workers in order

to safeguard their health, efficiency, and general well-being and to protect them as well as

their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

45.     Plaintiffs are unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 25 persons. Therefore, the class is sufficiently numerous that joinder of all members is impracticable.

46.     At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

47.     Concentrating the litigation in this forum is highly desirable because Defendant is based in Mississippi County and because Plaintiffs and all proposed class members work or worked in Arkansas.

48.     No difficulties are likely to be encountered in the management of this class action.

49.     The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs worked as hourly employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

50.     Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

51.     Plaintiffs' counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent,

if any, that he finds that he is not, he is are able and willing to associate additional counsel.

52.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards for conduct for Defendant.

## FIRST CAUSE OF ACTION

### (Individual Claims for Violation of the FLSA)

53.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

54.     Plaintiffs assert their claims for damages and declaratory relief pursuant to the FLSA.

55.     At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA.

56.     29 U.S.C. § 207 requires any public agency to pay employees engaged in public safety activities time and a half of regular wages for all hours worked over forty (40) hours in a week, or over 204 in a 27 day period if such an election has been made.

57.     The FLSA allows a public agency to provide compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

58.     Defendant has adopted General Rules and Regulations governing the work Plaintiffs perform for Defendant, including a policy which apparently provides, in relevant part:

> When notified, all off duty fire fighters shall be required to respond to structure fires. Any member continually failing to report to fires shall be subject to disciplinary action.

In addition, policies have been adopted which mandate each Plaintiff must respond to at least 50% of all call-backs, failing in which they will be disciplined.

59.     When allegedly off duty, all fire fighters are required to have a phone or pager with them, are required to have their uniform and equipment with them, and must travel no further from the fire station than a distance which will allow them to be on scene within ten (10) minutes of being called back in for duty. A failure to comply with the on-all policy results in Plaintiffs being subject to various forms and levels of discipline. This on-call policy is so restrictive Plaintiffs cannot use the time effectively for their own purposes.

60.     Plaintiffs' on-call time must be treated as compensable work hours when the following, relevant factors are considered:

> the average number of emergency calls the employee responds to during the on-call period;

> the time in which the employee has to be at the work site after being called in;

> whether an employee is subject to discipline for missing or being late to a call-back;

the extent to which an employee is able to engage in other activities while on-call;

whether the time is spent on the employer's premises;

any geographic restrictions on the employees;

the degree to which the employees' personal activities are restricted during the on-call shift; and

the nature of the employment involved.

61.    An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while "on-call".

62.    Plaintiffs' on-call time is compensable because the on-call conditions are so restrictive or the calls so frequent that Plaintiffs cannot effectively use that time for personal purposes.

63.    Among Plaintiffs' personal activities which are unreasonably restricted by Defendant's on-call policy are:

CHURCH ATTENDANCE IS DIFFICULT AND CAN BE EMBARRASSING IF PLAINTIFFS RECEIVE A CALL DURING THE SERVICES; GOING OUT TO EAT WITH FRIENDS OR FAMILY, TRAVELING OUT OF TOWN, PARTICIPATING IN HUNTING, FISHING, AND SPORTS, ATTENDING MOVIES, BEING ALONE WITH THEIR CHILDREN WITHOUT A BABYSITTER ALSO BEING PRESENT, PARTICIPATING IN THEIR CHILDREN'S ACTIVITIES, HOLDING ANOTHER JOB, INVITING OTHERS TO THEIR HOME, BEING REQUIRED TO LIMIT THEIR CONSUMPTION OF ALCOHOL; and INTERFERING WITH THEIR ABILITY SLEEP.

64.     Defendant's on-call policy results in Plaintiffs each being on-duty 24 hours per day, seven days a week, 52 weeks a year, with the only exception being when Plaintiffs are on scheduled vacations or when they take a sick day.  There are never any times when Plaintiffs are *not* on call other than on vacations or when they take a sick day and Plaintiffs are not allowed to "trade" on-call time with others.

65.     Plaintiffs' compensation is based on pay periods comprised of 27 days. Plaintiffs are on-call a total of 460 hours each pay period.

66.     All of the Plaintiffs have been employed since November 11, 2016 with the exception of Alvin Bell, James Phelps and Ethan Grissom.

67.     Mr. Bell was hired April 3, 2018 and has therefore been employed for 19 27-day pay periods.  That equals 4,554 hours of being on-call.   Mr. Phelps was hired on November 03, 2018,  and has therefore been employed for 12  27-day periods.  Mr. Grissom was hired on May 23, 2109, and has therefore been employed for 5 27-day periods.

69.     All of the other Plaintiffs have been employed for a total of 39.1  27-day pay periods from the date when the statute of limitations commenced to run on their FLSA claims.  That equals 17,990.60 hours of being on-call.

70.     Despite the entitlement of Plaintiffs to lawful compensatory time or overtime payments under the FLSA, Defendant failed to pay Plaintiffs a lawful overtime premium or provide lawful compensatory time.

71.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

72.    Since Plaintiffs have complained to Defendant about its employment practices and indicated to Defendant their demand for proper compensation as required by the FLSA, Defendant has undertaken actions in retaliation against Plaintiffs in an effort to interfere with their rights to just compensation.  Such retaliation is a purposeful and willful violation of 29 U.S.C. §215, thereby entitling Plaintiff to liquidated damages pursuant to 29 U.S.C. §2016(b).  Furthermore, confidential personnel files were released to the local newspaper.

73.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages and costs, liquidated damages for Defendant's violation of 29 U.S.C. §215, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## SECOND CAUSE OF ACTION

74.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

75.    Plaintiffs assert these claims for damages and declaratory relief pursuant to the AMWA.

76.    At all relevant times, Defendant was Plaintiffs' "employer" within the

meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

77.     Arkansas Code Annotated § 11-4-211 requires employers to pay all

employees time and a half of regular wages for all hours worked over forty (40) hours in

a week, or over 2042 in a 27 day period if such an election has been made.

78.     The AMWA allows a public agency to provide compensatory time off in

lieu of monetary overtime compensation, but it must be at the rate of not less than one

and one-half (1.5) hours for each hour of overtime work.

79.     Despite the entitlement of Plaintiffs to lawful compensatory time or

overtime payments under the AMWA, Defendant failed to pay Plaintiffs a lawful

overtime premium or provide lawful compensatory time.

80.     Defendant's conduct and practices, as described above, was willful,

intentional, unreasonable, arbitrary and in bad faith.

81.     By reason of the unlawful acts alleged herein, Defendant is liable to

Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, and costs,

including reasonable attorneys' fees, for all violations that occurred within the three (3)

years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-

218.

## THIRD CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

82.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as

though fully incorporated in this section.

83.     Plaintiffs, individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA.

84.     At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

85.     29 U.S.C. § 207 requires any public agency to pay employees engaged in public safety activities time and a half of regular wages for all hours worked over forty (40) hours in a week, or over 204 hours in a 27 day period if such an election has been made.

86.     The FLSA allows a public agency to provide compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

87.     Despite the entitlement to lawful compensatory time or overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all those similarly situated a lawful overtime premium or provide lawful compensatory time.

88.     Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the proposed class is properly defined as follows:

**All fire department employees employed by Defendant within the past three years who are compensated based upon an hourly rate.**

The proposed class as described includes any former employee of Defendant as well as

all current employees.

89.     Defendant's conduct and practice, as described above, including but not limited to the retaliatory acts undertaken against some of the Plaintiffs by Defendant since Plaintiffs demanded they be paid that to which they are entitled, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

90.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

## FOURTH CAUSE OF ACTION

91.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

92.     Plaintiffs, individually and on behalf of the members of the proposed class, assert this claim for damages and declaratory relief pursuant to the AMWA.

93.     At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

88.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees time and a half of regular wages for all hours worked over forty (40) hours in a week, or over 212 in a 28 day period if such an election has been made.

89.     Despite the entitlement of Plaintiffs and members of the proposed class to overtime payments under the AMWA, Defendant failed to pay Plaintiffs a lawful overtime premium.

90.     Plaintiffs propose to represent the AMWA liability class of individuals defined as follows:

> **All fire department employees employed by Defendant within the past three years who are compensated based upon an hourly rate.**

91.     Defendant's conduct and practices, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

92.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

## PRAYER FOR RELIEF

**WHEREFORE,** premises considered, Plaintiffs respectfully pray as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be ordered to cease and desist all retaliatory actions against Plaintiffs;

C. That Defendant be required to account to Plaintiffs, the class and collective members, and the Court for all of the hours worked by Plaintiffs and the class and collective members and all monies paid to them;

D. For orders regarding certification of and notice to the proposed class and collective action members;

E. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations;

F. A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

G. Judgment for damages for all unpaid overtime compensation owed to Plaintiffs and the proposed class and collective members under the FLSA and attendant regulations;

H. Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

I. Judgment for liquidated damages pursuant to the FLSA and attendant regulations in an amount equal to all unpaid overtime compensation owed to Plaintiffs and the proposed class and collective members during the applicable statutory period;

J. Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

K. For a reasonable attorneys' fee, costs and pre-judgment interest;   and,

L. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,
**Justin Woolsey, et al, Plaintiffs**

By: _____
James W. Harris, ABN 98025

Attorney for Plaintiff

**LAW OFFICE OF**
**JAMES W. HARRIS**
118 West Walnut
P.O. Box 185
Blytheville, Arkansas  72316-0185

Phone:  870-762-6900
Fax:     870-762-2623
Email:   jwharris1@prodigy.net

## IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
## CHICKASAWBA DISTRICT
## CIVIL DIVISION

**PLAINTIFFS:**
**Justin Woolsey, Gary Andrew, Alvin Bell,**
**Matthew Bohannan, Wayne Breckenridge,**
**Paul Brown, Rodney Duncan, Chad Evans,**
**Brian Grisham, Darryl Grissom, Ethan Grissom,**
**Kyle Hinson, Chris Holifield, Gerrett Howard,**
**Dennis Massey, Jeremy Mhoon, Gary Myers,**
**Obed Peek, James Phelps, Alvin Riley, Deon**
**Robinson, Daylon (Shawn) Sanford, Travis**
**Scissell, and Jason Taylor**


VS.                        CASE NO. 47BCV-19- 30 1   ( RL )        **SUMMONS**

**DEFENDANT:**
**THE CITY OF BLYTHEVILLE, ARKANSAS**


PLAINTIFFS ATTORNEY:        James W. Harris
                                        118 West Walnut, P.O. Box 185
                                Blytheville, Arkansas  72316-0185


THE STATE OF ARKANSAS TO DEFENDANT:

### JAMES SANDERS, MAYOR
### THE CITY OF BLYTHEVILLE, ARKANSAS


# <u>NOTICE</u>


A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.
Within 30 days after service of this summons on you (not counting the day you received it), or
60 days if you incarcerated in any jail, penitentiary, or other correctional facility in Arkansas,
you must file with the clerk of this court a written answer to the complaint or a motion under
Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff's attorney, whose name and address

are:   **Law Office of James W. Harris,  P.O. Box 185, Blytheville,  Arkansas  72316-0185**

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:  NONE___

WITNESS MY HAND AND SEAL OF THE COURT THIS THE ___15___ day of ___November___, 2019.

2:30 p m

Address:  Mississippi County Circuit Court
          Leslie Mason, Circuit Clerk
P.O. Box 1498
          Blytheville, AR  72316

By Alicia Jackson
_____
          CLERK/DEPUTY CLERK

D.C.

(SEAL)



**This summons is for James Sanders, Mayor   City of Blytheville**

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT
CIVIL DIVISION



*return*
**FILED**
NOV 27 2019
*10:45 Am*
LESLIE MASON
CIRCUIT CLERK

**PLAINTIFFS:**
Justin Woolsey, Gary Andrew, Alvin Bell,
Matthew Bohannan, Wayne Breckenridge,
Paul Brown, Rodney Duncan, Chad Evans,
Brian Grisham, Darryl Grissom, Ethan Grissom,
Kyle Hinson, Chris Holifield, Gerrett Howard,
Dennis Massey, Jeremy Mhoon, Gary Myers,
Obed Peek, James Phelps, Alvin Riley, Deon
Robinson, Daylon (Shawn) Sanford, Travis
Scissell, and Jason Taylor

vs.                    CASE NO. 47BCV-19-__301__ ( RL )    **SUMMONS**

**DEFENDANT:**
THE CITY OF BLYTHEVILLE, ARKANSAS

PLAINTIFFS ATTORNEY:      James W. Harris
                          118 West Walnut, P.O. Box 185
                          Blytheville, Arkansas 72316-0185

THE STATE OF ARKANSAS TO DEFENDANT:

**JAMES SANDERS, MAYOR**
**THE CITY OF BLYTHEVILLE, ARKANSAS**

## NOTICE

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.
Within 30 days after service of this summons on you (not counting the day you received it), or
60 days if you incarcerated in any jail, penitentiary, or other correctional facility in Arkansas,
you must file with the clerk of this court a written answer to the complaint or a motion under
Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff's attorney, whose name and address

are:   **Law Office of James W. Harris,  P.O. Box 185, Blytheville,  Arkansas  72316-0185**

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:   NONE___

WITNESS MY HAND AND SEAL OF THE COURT THIS THE ___15___ day of ___November___, 2019.

2:30 p m

Address:   Mississippi County Circuit Court
            Leslie Mason, Circuit Clerk
P.O. Box 1498
            Blytheville, AR  72316

By Alicia Jackson
_____
           CLERK/DEPUTY CLERK

D. C

(SEAL)



**This summons is for James Sanders, Mayor   City of Blytheville**

No. 47BCV-1930\ This summons is for _City of Blytheville_ _JAMES SANDERS, MAYOR_ .

**(defendant)**

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____on_____; or
　　　　　　　(place)　　　　　　　　　　　　　　　　　　　　　　　　(date)

☐ I left the summons and complaint in the proximity of the individual by_____
_____after he/she refused to receive it when I offered it to him/her; or

I left the summons and complaint at the individual's dwelling house or usual place of abode
at _CoD4 RiverBend CoVE_ with _Emma Boyce_ , a person at least 14
　　(address)　　　　　　　　　　　　　　　(name)
years of age who resides there, on___ _11 /26/19_ ; or
　　　　　　　　　　　　　　　　　　　　　　(date)

☐ I delivered the summons and complaint to_____, an agent
　　　　　　　　　　　　　　　　　　　(name of individual)

authorized by appointment or by law to receive service of summons on behalf of
_____on_____; or
　(name of defendant)　　　　　　　　　　　　　(date)

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested, restricted
delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff in the lawsuit, and I mailed a copy of the summons and complaint by
first-class mail to the defendant together with two copies of a notice and acknowledgment
and received the attached notice and acknowledgment form within twenty days after the date
of mailing.

☐ Other (specify):

_____

☐ I was unable to execute service because:_____

_____

My fee is $_ 50 .00 .

**To be completed if service is by a sheriff or deputy sheriff:**

Date:_____        SHERIFF OF_____ COUNTY, ARKANSAS

                                        By:_____
                                             (signature of server)

                                        _____
                                             (printed name, title & badge number)

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _11/27/19_____        By: _Ivory Lewis_____
                                    (signature of server)

                                    _Ivory Lewis_____
                                    (printed name)

Address:_____

_____

Phone:_____

Subscribed and sworn to before me this date:___11/27/19_____

                                    _Shannon Allen_____
                                                  (notary public)

My commission expires:___12/05/28_____

Additional information regarding service or attempted service:

_____

_____

FILED

DEC 1 9 2019
4:00 PM
LESLIE MASON
CIRCUIT CLERK

## IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
### CHICKASAWBA DISTRICT
### CIVIL DIVISION

JUSTIN WOOLSEY, GARY ANDREW, ALVIN BELL,
MATTHEW BOHANNAN, WAYNE BRECKENRIDGE,
PAUL BROWN, RODNEY DUNCAN, CHAD EVANS,
BRIAN GRISHAM, DARRYL GRISSOM, ETHAN GRISSOM,
KYLE HINSON, CHRIS HOLIFIELD, GERRETT HOWARD,
DENNIS MASSEY, JEREMY MHOON, GARY MYERS,
OBED PEEK, JAMES PHELPS, ALVIN RILEY,
DEON ROBINSON, DAYLON (SHAWN) SANFORD,
TRAVIS SCISSELL and JASON TAYLOR                          PLAINTIFFS

V.                           CASE NO. 47BCV-19-301 (RL)

THE CITY OF BLYTHEVILLE, ARKANSAS                        DEFENDANT

### ENTRY OF APPEARANCE

Comes now, Amanda LaFever, Attorney at Law, and hereby enters her appearance as

attorney of record for Defendant, City of Blytheville, Arkansas, in the above styled matter.

IT IS SO STATED.

Respectfully Submitted,

Blytheville, Arkansas
DEFENDANT

By: _____

Amanda LaFever, Ark. Bar No. 2012133
Attorney for Defendant
Post Office Box 38
North Little Rock, AR 72115
Telephone: (501) 978-6117
Facsimile: (501) 978-6554
Email: alafever@arml.org

1

## CERTIFICATE OF SERVICE

I, Amanda LaFever, hereby certify that on December 18, 2019, that a true and correct copy

of the above and foregoing has been served upon the attorney of record as referenced below, via

U.S. Mail and email:

James W. Harris
118 West Walnut
P. O. Box 185
Blytheville, AR  72316-0185
Email: jwharris1@prodigy.net

*Amanda LaFever*

_____
Amanda LaFever, Ark. Bar No. 2012133

Case 3:19-cv-00377-DPM

FILED

DEC 13 2019

LESLIE MASON
CIRCUIT CLERK

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT
CIVIL DIVISION

JUSTIN WOOLSEY, GARY ANDREW, ALVIN BELL,
MATTHEW BOHANNAN, WAYNE BRECKENRIDGE,
PAUL BROWN, RODNEY DUNCAN, CHAD EVANS,
BRIAN GRISHAM, DARRYL GRISSOM, ETHAN GRISSOM,
KYLE HINSON, CHRIS HOLIFIELD, GERRETT HOWARD,
DENNIS MASSEY, JEREMY MHOON, GARY MYERS,
OBED FEEK, JAMES PHELPS, ALVIN RILEY,
DEON ROBINSON, DAYLON (SHAWN) SANFORD,
TRAVIS SCISSELL and JASON TAYLOR                    PLAINTIFFS

V.                      CASE NO. 47BCV-19-301 (RL)

THE CITY OF BLYTHEVILLE, ARKANSAS                  DEFENDANT

ENTRY OF APPEARANCE

Comes now, Blake Gary, Attorney at Law, and hereby enters his appearance as attorney of

record for Defendant, City of Blytheville, Arkansas, in the above styled matter.

IT IS SO STATED.

Respectfully Submitted,

Blytheville, Arkansas
DEFENDANT

By: _____
Blake Gary, Ark. Bar No. 2019139
Attorney for Defendant
Post Office Box 38
North Little Rock, AR 72115
Telephone: (501) 978-6117
Facsimile: (501) 978-6554

1

Email: alafever@arml.org

## CERTIFICATE OF SERVICE

I, Blake Gary, hereby certify that on December 18, 2019, that a true and correct copy of

the above and foregoing has been served upon the attorney of record as referenced below, via U.S.

Mail and email:

James W. Harris
118 West Walnut
P. O. Box 185
Blytheville, AR  72316-0185
Email: jwharris1@prodigy.net

Blake Gary, Ark. Bar No. 2019139

FILED

DEC 1 8 2019
4:00 PM
LESLIE MASON
CIRCUIT CLERK

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT
CIVIL DIVISION

JUSTIN WOOLSEY, GARY ANDREW, ALVIN BELL,
MATTHEW BOHANNAN, WAYNE BRECKENRIDGE,
PAUL BROWN, RODNEY DUNCAN, CHAD EVANS,
BRIAN GRISHAM, DARRYL GRISSOM, ETHAN GRISSOM,
KYLE HINSON, CHRIS HOLIFIELD, GERRETT HOWARD,
DENNIS MASSEY, JEREMY MHOON, GARY MYERS,
OBED PEEK, JAMES PHELPS, ALVIN RILEY,
DEON ROBINSON, DAYLON (SHAWN) SANFORD,
TRAVIS SCISSELL and JASON TAYLOR                                    PLAINTIFFS

V.                           CASE NO. 47BCV-19-301 (RL)

THE CITY OF BLYTHEVILLE, ARKANSAS                                  DEFENDANT

### NOTICE TO PARTIES OF STATE COURT REMOVAL

Comes now the City of Blytheville, Arkansas, ("Defendant"), by and through its attorney,

Amanda LaFever, and for its Notice to Parties of State Court Removal, states as follows:

In accordance with 28 U.S.C. §§1441(a) and 1446(d), Defendant hereby gives notice that

the above-styled and numbered case has been removed to the United States District Court for the

Eastern District of Arkansas, Northern Division.   A true and correct copy of the Notice of

Removal filed with the Clerk of said Court is attached hereto as Exhibit "A" and incorporated

herein by reference.

DATED this 18th day of December, 2019.



DEFENDANT'S
EXHIBIT
3

Respectfully Submitted,

Blytheville, Arkansas
**DEFENDANT**

*Amanda LaFever*

By: _____

Amanda LaFever, Ark. Bar No. 2012133
Attorney for Defendant
Post Office Box 38
North Little Rock, AR  72115
Telephone: (501) 978-6117
Facsimile: (501) 978-6554
Email: alafever@arml.org

## CERTIFICATE OF SERVICE

I, Amanda LaFever, hereby certify that on December 18, 2019, that a true and correct copy of the above and foregoing has been served upon the attorney of record as referenced below, via U.S. Mail and email:

James W. Harris
118 West Walnut
P. O. Box 185
Blytheville, AR  72316-0185
Email: jwharris1@prodigy.net

*Amanda LaFever*

_____

Amanda LaFever, Ark. Bar No. 2012133

2

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**JUSTIN WOOLSEY, GARY ANDREW, ALVIN BELL,**
**MATTHEW BOHANNAN, WAYNE BRECKENRIDGE,**
**PAUL BROWN, RODNEY DUNCAN, CHAD EVANS,**
**BRIAN GRISHAM, DARRYL GRISSOM, ETHAN GRISSOM,**
**KYLE HINSON, CHRIS HOLIFIELD, GERRETT HOWARD,**
**DENNIS MASSEY, JEREMY MHOON, GARY MYERS,**
**OBED PEEK, JAMES PHELPS, ALVIN RILEY,**
**DEON ROBINSON, DAYLON (SHAWN) SANFORD,**
**TRAVIS SCISSELL and JASON TAYLOR**                          **PLAINTIFFS**

**V.**                          **CASE NO. _____**

**THE CITY OF BLYTHEVILLE, ARKANSAS**                          **DEFENDANT**

### <u>NOTICE OF REMOVAL</u>

Comes now Defendant, the City of Blytheville, Arkansas, by and through its attorney,

Amanda LaFever, and for its Notice of Removal, states as follows:

1.      On or about November 15, 2019, Plaintiffs filed their Complaint in the Circuit

Court of Mississippi County, Arkansas, Case No. 47BCV-19-301, against Defendant.

2.      Upon information and belief, copies of the Complaint and Summons were served

on Defendant on or about November 26, 2019.

3.      Defendant filed a timely response to the State Court Complaint on December 18,

2019, attached as *Exhibit 1*.

4.      This Notice of Removal is filed within thirty (30) days after service on Defendant.

28 U.S.C. § 1446(b).

5.      A true and correct copy of all of pleadings and orders served upon Defendant in

this action are attached as *Exhibit 2*.

**EXHIBIT "A"**

6.      Defendant, along with this notice, has simultaneously filed an additional Notice of Removal with the Circuit Court of Mississippi County, Arkansas, pursuant to 28 U.S.C. § 1446(d). A true and correct copy of that filing is attached as *Exhibit 3*.

7.      28 U.S.C. § 1441(a) allows a defendant to remove civil actions from state to federal court when such actions are within the original jurisdiction of the federal court.

8.      Original federal question jurisdiction is vested in the federal courts under 28 U.S.C. § 1331 regarding cases "arising under" the Constitution and laws of the United States, regardless of the amount of controversy.

9.      Plaintiffs have alleged that Defendant violated their rights secured by federal law, specifically, the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.

10.     Federal law provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391.

11.     All the actions alleged to have given rise to this cause of action occurred in Mississippi County, Arkansas, which is located in the Eastern District of Arkansas, Northern Division.

12.     Thus, the Federal District Court for the Eastern District of Arkansas has jurisdiction and venue is proper therein.

13.     Pursuant to 28 U.S.C. § 1446, Defendant hereby gives notice of the removal of this action from the Circuit Court of Mississippi County, Arkansas, to the United States District Court for the Eastern District of Arkansas.

WHEREFORE, Defendant prays that this action be removed from the Circuit Court of Mississippi County, Arkansas, to the United States District Court for the Eastern District of

Arkansas, in accordance with 28 U.S.C. §§ 1331, 1441, and 1446, and for all other just and proper relief.

Respectfully Submitted,

Blytheville, Arkansas
**DEFENDANT**

*Amanda LaFever*

By:  _____

Amanda LaFever, Ark. Bar No. 2012133
Attorney for Defendant
Post Office Box 38
North Little Rock, AR 72115
Telephone: (501) 978-6117
Facsimile: (501) 978-6554
Email: alafever@arml.org

## CERTIFICATE OF SERVICE

I, Amanda LaFever, hereby certify that on December 18, 2019, a true and correct copy of the above and foregoing has been served upon the attorney of record as referenced below, via U.S. Mail and email:

James W. Harris
118 West Walnut
P. O. Box 185
Blytheville, AR 72316-0185
Email: jwharris1@prodigy.net

*Amanda LaFever*

_____

Amanda LaFever, Ark. Bar No. 2012133