

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT
CIVIL DIVISION

Justin Woolsey, Gary Andrew, Alvin Bell,
Matthew Bohannan, Wayne Breckenridge,
Paul Brown, Rodney Duncan, Chad Evans,
Brian Grisham, Darryl Grissom, Ethan Grissom,
Kyle Hinson, Chris Holifield, Gerrett Howard,
Dennis Massey, Jeremy Mhoon, Gary Myers,
Obed Peek, James Phelps, Alvin Riley, Deon
Robinson, Daylon (Shawn) Sanford, Travis
Scissell, and Jason Taylor                                      PLAINTIFFS

vs.                     No. 47BCV-19-301 (RL)

THE CITY OF BLYTHEVILLE, ARKANSAS                               DEFENDANT

## COMPLAINT - CLASS AND COLLECTIVE ACTION

COME NOW the Plaintiffs, Justin Woolsey, et. al. ("Plaintiffs"), individually and on behalf of all other similarly situated, by and through their attorney, James W. Harris, and for their Complaint - Class and Collective Action against Defendant City of Blytheville, Arkansas ("Defendant") state and allege as follows:

### JURISDICTION AND VENUE

1.  This is a class and collective action brought by Plaintiffs, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (The "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. (the "AWMA").



This Court has jurisdiction over the FLSA claims as it is a court of competent jurisdiction as required by 29 U.S.C. §216. The required consents to join this action are attached hereto.

2. Plaintiffs, individually and on behalf of all others similarly situated, seek a declaratory judgment; monetary damages; liquidated damages; liquidated damages for violation of the anti-retaliation provides of the FLSA; prejudgment interest; costs; and a reasonable attorney's fee, as a result of Defendant's policy and practice of failing to pay Plaintiffs and other similarly situated individuals proper overtime compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

3. For at least three (3) years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

4. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

5. A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiffs within the Chickasawba District of Mississippi County; therefore, venue is proper within this District of this county.

## THE PARTIES

6. Plaintiffs are individuals and residents of Mississippi County.

7. Plaintiffs were and are employed by Defendant as fire department employees paid on the basis of hours worked within the three (3) years prior to the filing of this complaint.

8. At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

9. As employees of Defendant, Plaintiffs were employees of a public agency employed in public safety activities, and therefore entitled to the protections of the FLSA.

10. Defendant is an "employer" within the meanings set forth in the FLSA and the AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

11. Defendant is an employer subject to the FLSA as a public agency pursuant to 29 U.S.C. § 203.

12. Defendant participated in the management of Plaintiffs' work, including setting and enforcing the number of hours worked and the amount and manner of compensation paid.

13. Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

14. Defendant operates the Blytheville Fire Department where Plaintiffs were employed within the three (3) years prior to the filing of this Complaint.

15. Defendant can be served through its Mayor, James Sanders, whose address is 124 W. Walnut Street, Blytheville, Arkansas 72315.

16. At all relevant times, Defendant employed five or more employees in public safety activities pursuant to 29 U.S.C. § 213(b)(20).

## FACTUAL ALLEGATIONS

17. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

18. During all or part of the three (3) years prior to the filing of this lawsuit, Plaintiffs were hourly-paid employees of the Blytheville Fire Department located in Blytheville.

19. At all times relevant to the allegations in this Complaint, Plaintiffs have been employed by Defendant as firemen.

20. Defendant established a "work period" for Plaintiffs which provided for roughly 212 hours within each 28 day period. It also has an on-call policy adopted prior to November 11, 2016, and modified since that time, which requires that any employee of Defendant must respond to call backs at any and all times.

21. Plaintiffs were routinely required to work in excess of 204 hours in a 27 day period.

22. During the course of their employment, Plaintiffs and others similarly

situated did not manage the enterprise or a customarily recognized subdivision of the enterprise.

23.   Plaintiffs and others similarly situated did not select any employees for hire nor did they provide any formal training for any employees.

24.   Plaintiffs and others similarly situated had no final authority to hire and fire any employee.

25.   Plaintiffs and others similarly situated did not have any ultimate control of or authority over any employee's rate of pay or working hours.

26.   Plaintiffs and similar fire department employees were not paid properly for overtime.

27.   Defendant knew that Plaintiffs and other similar fire department employees worked in excess of 204 hours in a 27 day period, and Defendant required them to do so.

28.   Defendant did not provide Plaintiffs and similar fire department employees with compensatory time off at a rate of one and one-half (1.5) hours of compensatory time for each hour of overtime worked.

29.   Defendant did not pay Plaintiffs and similar fire department employees one and one-half (1.5) times their regular hourly rate for their overtime hours.

30.   The actual day-to-day job duties and responsibilities of Plaintiffs and other similar fire department employees were not exempt under the FLSA with respect to payment of time worked in excess of 204 hours in a 27 day period.

31. Defendant knew or showed reckless disregard for whether the way it paid Plaintiffs and similar fire department employees violated the FLSA and AMWA. Further, Defendant has undertaken concerted actions against some or all of the Plaintiffs in retaliation for Plaintiffs seeking to enforce their rights under the FLSA and AMWA.

## REPRESENTATIVE ACTION ALLEGATIONS

32. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

33. Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 215 of the FLSA, 29 U.S.C. §215 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

34. Plaintiffs bring their FLSA claims on behalf of all hourly firemen and similar fire department employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

    A. Payment for all hours worked, including overtime premiums for all hours worked for Defendant in excess of 204 hours in a 27 day work period; and

    B. Liquidated damages and attorneys' fees and costs.

In addition, Plaintiffs are also entitled to additional liquidated damages for Defendant's violation of the anti-retaliation provisions of the FLSA.

35. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have attached hereto written Consents to Join this lawsuit.

36. The relevant time period dates back three years from the date on which Plaintiffs' Complaint - Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

37. The members of the proposed FLSA Class are similarly situated in that they share these traits:

   A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

   B. They were paid hourly;

   C. They recorded their time in the same manner; and

   D. They were subject to Defendant's common policy of not paying for or providing compensatory time off at a rate of one and one half (1.5) hours of compensatory time for each hour of overtime work.

38. Plaintiffs are unable to state the exact number of the potential members of the FLSA Class but believe that the class exceeds 25 persons, including those who worked for Defendant in the past but no longer work for Defendant.

39. Defendant can readily identify the members of the Section 16(b) class. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known

physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## AMWA RULE 23 CLASS

40. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

41. Plaintiff Woolsey proposes to act as the lead Plaintiff in representing the class of hourly firemen and similar fire department employees who are/were employed by Defendant within the relevant time period within the State of Arkansas.

42. Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA.

43. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiffs and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the purposed AMWA class.

44. The class members have no interest individually in controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as

their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

45. Plaintiffs are unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 25 persons. Therefore, the class is sufficiently numerous that joinder of all members is impracticable.

46. At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

47. Concentrating the litigation in this forum is highly desirable because Defendant is based in Mississippi County and because Plaintiffs and all proposed class members work or worked in Arkansas.

48. No difficulties are likely to be encountered in the management of this class action.

49. The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs worked as hourly employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

50. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

51. Plaintiffs' counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent,

if any, that he finds that he is not, he is are able and willing to associate additional counsel.

52. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards for conduct for Defendant.

## FIRST CAUSE OF ACTION

### (Individual Claims for Violation of the FLSA)

53. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

54. Plaintiffs assert their claims for damages and declaratory relief pursuant to the FLSA.

55. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA.

56. 29 U.S.C. § 207 requires any public agency to pay employees engaged in public safety activities time and a half of regular wages for all hours worked over forty (40) hours in a week, or over 204 in a 27 day period if such an election has been made.

57. The FLSA allows a public agency to provide compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

58. Defendant has adopted General Rules and Regulations governing the work Plaintiffs perform for Defendant, including a policy which apparently provides, in relevant part:

> When notified, all off duty fire fighters shall be required to respond to structure fires. Any member continually failing to report to fires shall be subject to disciplinary action.

In addition, policies have been adopted which mandate each Plaintiff must respond to at least 50% of all call-backs, failing in which they will be disciplined.

59. When allegedly off duty, all fire fighters are required to have a phone or pager with them, are required to have their uniform and equipment with them, and must travel no further from the fire station than a distance which will allow them to be on scene within ten (10) minutes of being called back in for duty. A failure to comply with the on-all policy results in Plaintiffs being subject to various forms and levels of discipline. This on-call policy is so restrictive Plaintiffs cannot use the time effectively for their own purposes.

60. Plaintiffs' on-call time must be treated as compensable work hours when the following, relevant factors are considered:

> the average number of emergency calls the employee responds to during the on-call period;
>
> the time in which the employee has to be at the work site after being called in;
>
> whether an employee is subject to discipline for missing or being late to a call-back;

the extent to which an employee is able to engage in other activities while on-call;

whether the time is spent on the employer's premises;

any geographic restrictions on the employees;

the degree to which the employees' personal activities are restricted during the on-call shift; and

the nature of the employment involved.

61. An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while "on-call".

62. Plaintiffs' on-call time is compensable because the on-call conditions are so restrictive or the calls so frequent that Plaintiffs cannot effectively use that time for personal purposes.

63. Among Plaintiffs' personal activities which are unreasonably restricted by Defendant's on-call policy are:

> CHURCH ATTENDANCE IS DIFFICULT AND CAN BE EMBARRASSING IF PLAINTIFFS RECEIVE A CALL DURING THE SERVICES; GOING OUT TO EAT WITH FRIENDS OR FAMILY, TRAVELING OUT OF TOWN, PARTICIPATING IN HUNTING, FISHING, AND SPORTS, ATTENDING MOVIES, BEING ALONE WITH THEIR CHILDREN WITHOUT A BABYSITTER ALSO BEING PRESENT, PARTICIPATING IN THEIR CHILDREN'S ACTIVITIES, HOLDING ANOTHER JOB, INVITING OTHERS TO THEIR HOME, BEING REQUIRED TO LIMIT THEIR CONSUMPTION OF ALCOHOL; and INTERFERING WITH THEIR ABILITY SLEEP.

64. Defendant's on-call policy results in Plaintiffs each being on-duty 24 hours per day, seven days a week, 52 weeks a year, with the only exception being when Plaintiffs are on scheduled vacations or when they take a sick day. There are never any times when Plaintiffs are *not* on call other than on vacations or when they take a sick day and Plaintiffs are not allowed to "trade" on-call time with others.

65. Plaintiffs' compensation is based on pay periods comprised of 27 days. Plaintiffs are on-call a total of 460 hours each pay period.

66. All of the Plaintiffs have been employed since November 11, 2016 with the exception of Alvin Bell, James Phelps and Ethan Grissom.

67. Mr. Bell was hired April 3, 2018 and has therefore been employed for 19 27-day pay periods. That equals 4,554 hours of being on-call. Mr. Phelps was hired on November 03, 2018, and has therefore been employed for 12 27-day periods. Mr. Grissom was hired on May 23, 2109, and has therefore been employed for 5 27-day periods.

69. All of the other Plaintiffs have been employed for a total of 39.1 27-day pay periods from the date when the statute of limitations commenced to run on their FLSA claims. That equals 17,990.60 hours of being on-call.

70. Despite the entitlement of Plaintiffs to lawful compensatory time or overtime payments under the FLSA, Defendant failed to pay Plaintiffs a lawful overtime premium or provide lawful compensatory time.

71. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

72. Since Plaintiffs have complained to Defendant about its employment practices and indicated to Defendant their demand for proper compensation as required by the FLSA, Defendant has undertaken actions in retaliation against Plaintiffs in an effort to interfere with their rights to just compensation. Such retaliation is a purposeful and willful violation of 29 U.S.C. §215, thereby entitling Plaintiff to liquidated damages pursuant to 29 U.S.C. §2016(b). Furthermore, confidential personnel files were released to the local newspaper.

73. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages and costs, liquidated damages for Defendant's violation of 29 U.S.C. §215, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## SECOND CAUSE OF ACTION

74. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

75. Plaintiffs assert these claims for damages and declaratory relief pursuant to the AMWA.

76. At all relevant times, Defendant was Plaintiffs' "employer" within the

meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

77. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees time and a half of regular wages for all hours worked over forty (40) hours in a week, or over 2042 in a 27 day period if such an election has been made.

78. The AMWA allows a public agency to provide compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

79. Despite the entitlement of Plaintiffs to lawful compensatory time or overtime payments under the AMWA, Defendant failed to pay Plaintiffs a lawful overtime premium or provide lawful compensatory time.

80. Defendant's conduct and practices, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

81. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## THIRD CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

82. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

83. Plaintiffs, individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA.

84. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

85. 29 U.S.C. § 207 requires any public agency to pay employees engaged in public safety activities time and a half of regular wages for all hours worked over forty (40) hours in a week, or over 204 hours in a 27 day period if such an election has been made.

86. The FLSA allows a public agency to provide compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

87. Despite the entitlement to lawful compensatory time or overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all those similarly situated a lawful overtime premium or provide lawful compensatory time.

88. Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the proposed class is properly defined as follows:

**All fire department employees employed by Defendant within the past three years who are compensated based upon an hourly rate.**

The proposed class as described includes any former employee of Defendant as well as

all current employees.

89. Defendant's conduct and practice, as described above, including but not limited to the retaliatory acts undertaken against some of the Plaintiffs by Defendant since Plaintiffs demanded they be paid that to which they are entitled, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

90. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

## FOURTH CAUSE OF ACTION

91. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

92. Plaintiffs, individually and on behalf of the members of the proposed class, assert this claim for damages and declaratory relief pursuant to the AMWA.

93. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

88. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees time and a half of regular wages for all hours worked over forty (40) hours in a week, or over 212 in a 28 day period if such an election has been made.

89. Despite the entitlement of Plaintiffs and members of the proposed class to overtime payments under the AMWA, Defendant failed to pay Plaintiffs a lawful overtime premium.

90. Plaintiffs propose to represent the AMWA liability class of individuals defined as follows:

**All fire department employees employed by Defendant within the past three years who are compensated based upon an hourly rate.**

91. Defendant's conduct and practices, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

92. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiffs respectfully pray as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be ordered to cease and desist all retaliatory actions against Plaintiffs;

C. That Defendant be required to account to Plaintiffs, the class and collective members, and the Court for all of the hours worked by Plaintiffs and the class and collective members and all monies paid to them;

D. For orders regarding certification of and notice to the proposed class and collective action members;

E. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations;

F. A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

G. Judgment for damages for all unpaid overtime compensation owed to Plaintiffs and the proposed class and collective members under the FLSA and attendant regulations;

H. Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

I. Judgment for liquidated damages pursuant to the FLSA and attendant regulations in an amount equal to all unpaid overtime compensation owed to Plaintiffs and the proposed class and collective members during the applicable statutory period;

J. Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

K. For a reasonable attorneys' fee, costs and pre-judgment interest; and,

L. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,
**Justin Woolsey, et al, Plaintiffs**

By: _____
James W. Harris, ABN 98025

Attorney for Plaintiff

**LAW OFFICE OF
JAMES W. HARRIS**
118 West Walnut
P.O. Box 185
Blytheville, Arkansas  72316-0185

Phone:  870-762-6900
Fax:      870-762-2623
Email:   jwharris1@prodigy.net