IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JUSTIN WOOLSEY; GARY ANDREW; ALVIN
BELL; MATTHEW BOHANNAN; WAYNE
BRECKENRIDGE; PAUL BROWN; RODNEY
DUNCAN; CHAD EVANS; BRIAN GRISHAM;
DARRYL GRISSOM; ETHAN GRISSOM;
KYLE HINSON; CHRIS HOLIFIELD;
GERRETT HOWARD; DENNIS MASSEY;
JEREMY MHOON; GARY MYERS; OBED
PEEK; JAMES PHELPS; ALVIN RILEY; DEON
ROBINSON; DAYLON (SHAWN) SANFORD;
TRAVIS SCISSELL; and JASON TAYLOR                           PLAINTIFFS

v.                          No. 3:19-cv-377-DPM

CITY OF BLYTHEVILLE, ARKANSAS                               DEFENDANT

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND TO DISMISS WITH PREJUDICE**

Plaintiffs Justin Woolsey *et al.* ("Plaintiffs"), and Defendant City of Blytheville, Arkansas, ("Defendant" or the "City") (collectively, the "parties") submit this joint motion for approval of the parties' settlement agreement, attached hereto as **Exhibit 1** ("Settlement Agreement"), and to dismiss this case with prejudice. As explained below, the parties' Settlement Agreement provides for fair and reasonable compensation to each plaintiff and for a fair and reasonable allocation of attorneys' fees and costs, which were separately negotiated by the parties.

   I.   **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs are 21 current and former fire fighters with the Blytheville Fire Department in Blytheville, Arkansas. On November 15, 2019, Plaintiffs filed a complaint in the Mississippi County Circuit Court alleging that the City of Blytheville (hereinafter the "City" or "Defendant") failed to pay Plaintiffs for all overtime hours worked as required by the Fair Labor Standards Act,

1

including time spent on-call, in violation of 29 U.S.C. §§ 207(a) and 207(k).[1] The City removed this case to the Eastern District of Arkansas, and it was assigned to Chief Judge D.P. Marshall, Jr. After a lengthy but unavoidable delay,[2] the parties commenced discovery, which included multi-day Rule 30(b)(6) depositions of City designated witnesses on topics including the on-call policy, the Plaintiffs' job duties, payroll and timekeeping, and the City's efforts at FLSA compliance. Additionally, the City deposed each of the 21 Plaintiffs currently in this lawsuit.[3] Finally, the Plaintiffs' submitted detailed damages calculations prepared by a Fed. R. Evid. 1006 summary witness. Discovery concluded on November 8, 2021.

The parties attended mediation with Magistrate Judge Edie R. Ervin on January 21, 2022, and agreed to a settlement in principle resolving all pending claims in this case, including any claims for attorneys' fees and costs. See Doc. 32. The parties first negotiated and reached an agreement on Plaintiffs' alleged damages. Then, separately, the parties negotiated and reached an agreement for Plaintiffs' attorneys' fees and costs. The Court thereafter suspended the Second Amended Final Scheduling Order and ordered that the parties submit settlement papers by March 22, 2022. Doc. 33. Since that time, the parties' counsel have finalized the terms of the Settlement

---

[1] Unlike employees who work traditional 40-hour workweeks, first responders who engage in fire protective activities such as Plaintiffs are only entitled to overtime pay where they work greater than 212 hours per 28-day work period. *See* 29 U.S.C. § 207(k); 29 CFR § 553.230(a) ("For those employees engaged in fire protection activities who have a work period of at least 7 but less than 28 consecutive days, no overtime compensation is required under section 7(k) until the number of hours worked exceeds the number of hours which bears the same relationship to 212 as the number of days in the work period bears to 28.").

[2] After removal, Plaintiffs' original counsel, James W. Harris, unfortunately became terminally ill and passed away. The Court permitted Plaintiffs time to obtain new counsel. The undersigned counsel entered their appearances in January 2021. Docs. 16 & 17.

[3] Three plaintiffs withdrew from this case after discovery. There are 21 plaintiffs party to the Settlement Agreement.

Agreement and obtained the signatures of all parties. *See* Exhibit 1. Pursuant to the Court's order of March 7, 2022, the parties now seek approval of the Settlement Agreement and an order dismissing this case with prejudice. Doc. 36.

## II.   LEGAL STANDARDS

"Settlement agreements resolving FLSA claims are typically subject to court approval." *Sanford v. Nucor-Yamato Steel Co.*, No. 3:18-cv-00158-KGB, 2021 U.S. Dist. LEXIS 45599, at *13 (E.D. Ark. Mar. 11, 2021). "Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a *bona fide* dispute." *Id.*; *see, e.g.*, *Greenlaw v. B & M Mgmt. Co. of Ala., LLC*, No. 4:20-cv-1286-DPM, 2022 U.S. Dist. LEXIS 34935, at *1 (E.D. Ark. Feb. 28, 2022) ("The proposed settlement is fair, reasonable, and adequate.") (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

## III.   THE SETTLEMENT IS FAIR AND REASONABLE

The Court should approve the parties' Settlement Agreement because it represents a fair and reasonable resolution of a *bona fide* dispute that complies with the text and purposes of the FLSA. "The FLSA prohibits the employment of any person 'for a workweek longer than [the FLSA's defined maximum hours] unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.'" *Lopez v. Tyson Foods*, 690 F.3d 869, 874 (8th Cir. 2012) (quoting 29 U.S.C. § 207(a)(1)); *IBP, Inc. v. Alvarez*, 546 U.S. 21, 25 (2005). Here, Plaintiffs sought overtime compensation for all hours worked over 212 hours in a 28-day period at a rate of one- and one-half times the Plaintiffs' regular rate of pay, as that term is defined by the

3

FLSA. *See* 29 U.S.C. § 207(k). Plaintiffs alleged that the City failed to pay them for all overtime hours worked in excess of 212 hours in a 28-day period in **three ways**.

First, Plaintiffs claimed the City failed to pay Plaintiffs at the correct overtime rate by failing to include college incentive pay in these Plaintiffs' "regular rate." *See* 29 U.S.C. § 207(e) (defining "regular rate" as all remuneration for employment that is not statutorily excluded). Second, Plaintiffs alleged the City failed to pay Plaintiffs for work performed before each shift, resulting in approximately 10-15 minutes of unpaid overtime on many shifts. Third, Plaintiffs alleged the City failed to pay all Plaintiffs for time spent working while off duty.. Pursuant to Fire Department regulations, Plaintiffs, when not on duty, unless they schedule a vacation or sick day, must respond to at least 50 percent of all structure fires or be subject to progressive discipline, at the discretion of the Fire Chief. Plaintiffs alleged that a substantial amount of their off-duty time was spent "predominantly for the benefit of the employer," and was thus compensable under the FLSA. *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944); *see also* 29 C.F.R. § 553.221(c); *Reimer v. Champion Healthcare Corp.*, 258 F.3d 720, 725 (8th Cir. 2001). The City denied liability on all three theories.

The parties' settlement reflects a reasonable compromise on all claims. Using payroll and timekeeping records provided by the City, counsel for the parties calculated the maximum amount of damages attributable to each theory of liability. Based on the likelihood of success of each claim and risks inherent to litigation, the parties agreed that Plaintiffs should be compensated $160,000 total for all claims, which Plaintiffs believe represents 100 percent of the backpay and liquidated damages attributable to Plaintiffs' first and second theories of liability (regular rate and pre-shift work), as well as a portion of their claimed unpaid overtime for the on-call claim. The exact

amounts of backpay and liquidated damages attributed to each Plaintiff are set forth in Exhibit A to the Settlement Agreement.

The parties acknowledged that the "on-call" claim is the most difficult for Plaintiffs to prove and the most burdensome to litigate because it is based on a complex multi-factor analysis that would vary from Plaintiff to Plaintiff. *See Piazza v. Zoetis, Inc.*, 2016 BL 339998, at *3 (W.D. Ark. Oct. 12, 2016) (listing factors such as (1) the geographic area an employee is limited to while on call; (2) the amount of time the employee has to respond to calls; (3) the frequency with which an employee is called; (4) the amount of flexibility the employee has in selecting on-call shifts; and (5) the employee's ability to engage in personal activities while on call). Based on this complexity, both parties had substantial risk. Plaintiffs faced risks that Defendant could succeed on this claim at summary judgment for some or all Plaintiffs depending on the Court's interpretation of the factors described above. Should Plaintiffs have proceeded to trial, the City would have had ample opportunities to disprove that Plaintiffs were entitled to any damages for their on-call time. Nonetheless, due to the 24/7 nature of the on-call policy and the varying amounts of call-backs throughout the recovery period, the City also had substantial risk had it chosen to proceed with trial. *See Cross v. Ark. Forestry Commission*, 938 F.2d 912, 916-17 (8th Cir. 1991).

Finally, the parties were aided in negotiations by the mediation of Magistrate Judge Edie R. Ervin, who was well-versed in the Plaintiffs' claims and the Defendant's defenses. The parties worked with Judge Ervin for a full day and relied on her neutral observations and assessments of strengths and weaknesses of the case to facilitate reaching an agreement.

Taken together, these facts demonstrate that the settlement amount reflects an eminently reasonable and fair compromise by the parties given the risks to both sides should this case have proceeded to trial.

IV. **THE COURT NEED NOT REVIEW THE SEPARATELY NEGOTIATED ATTORNEYS' FEES, BUT SUCH FEES ARE FAIR, REASONABLE, AND ADEQUATE**

After the parties reached an agreement on backpay and damages, the parties separately negotiated fees and costs with the assistance and mediation of Judge Ervin. Accordingly, the parties do not seek review of this portion of their settlement. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees.").

Nonetheless, the Plaintiffs note that the fees are a sharp downward departure from the amounts incurred by Plaintiffs' counsel in the course of this litigation. As mentioned above, there was a protracted discovery period that resulted in 21 Plaintiff depositions, the depositions of Defendant's Fed. R. Civ. P. 30(b)(6) designees, and extensive written discovery, and discovery related to the calculation of potential damages.

Before mediation, Plaintiffs submitted a fee summary to Defendant demonstrating that it had expended $134,048.18 in attorneys' fees and costs based on rates typically awarded in the Eastern District of Arkansas through December 16, 2021. Notably, this amount does not include the fees and cost associated with preparation for mediation, mediation, or with subsequent settlement negotiations and seeking court approval of the Settlement Agreement. Pursuant to the Settlement, Plaintiffs' counsel will recover $90,000 in attorneys' fees and costs.

Accordingly, the amount of fees and costs provided for in the Settlement Agreement are, in fact, fair, reasonable, and adequate, given the complexity of this case and the likelihood of Plaintiffs' succeeding on the merits of their claims.

## V. CONCLUSION

For all these reasons, the parties respectfully request that the Court enter an order approving the Settlement Agreement and dismissing this case with prejudice and retain jurisdiction solely with respect to enforcement of the settlement agreement.

March 14, 2022

Respectfully submitted,

Diana J. Nobile, NJ Bar #29572009
Ryan Cowdin, VA Bar #90645
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave. NW,
Suite 1000
Washington, DC  20005
Telephone: (202) 833-8855
Email: djn@mselaborlaw.com
Email: rcc@mselaborlaw.com

*Counsel for Plaintiffs*

Amanda LaFever
Litigation Counsel
Arkansas Municipal League
PO Box 38
North Little Rock, AR 72115
Telephone: (501) 978-6117
Email: alafever@arml.org

*Counsel for the Defendant*

## **CERTIFICATE OF SERVICE**

The foregoing was served via electronic case filing on the undersigned counsel on March 14, 2022:

    Amanda LaFever
    PO Box 38
    North Little Rock, AR 72115
    Telephone: (501) 978-6117
    alafever@arml.org

                                        /s/ Diana J. Nobile
                                        Diana J. Nobile